UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEREO RODRIGUEZ-HERNANDEZ, individually and in behalf of all other persons similarly situated,<br><br>                       Plaintiff,<br><br>                   –against–<br><br>K. BREAD & COMPANY INC. d/b/a BREAD & COMPANY and ALEXANDER KIM, jointly and severally,<br><br>                      Defendants. | 15 CV 6848 (KBF) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE

### TABLE OF CONTENTS

I. Legal Issue .................................................................................................................... 3

II. Court Must Enter Judgment Based on Accepted Offer of Judgment ....................... 3

III. Conclusion .................................................................................................................... 8

### TABLE OF AUTHORITIES

**Cases**

*Aguilar v. Edge Landscaping, Inc.*, No. 16 CV 1380, slip op. (S.D.N.Y. Oct. 11, 2016) .................. 6

*Arzeno v. Big B World, Inc.*, No. 15 CV 9724, slip op. (S.D.N.Y. Nov. 22, 2016) .......................... 6

*Baba v. Beverly Hills Cemetery Corp.*, No. 15 CV 5151, 2016 U.S. Dist. LEXIS 46574 (S.D.N.Y. Mar. 31, 2016) ................................................................................................................. 4

*Baba v. Beverly Hills Cemetery Corp.*, No. 15 CV 5151, 2016 U.S. Dist. LEXIS 63172 (S.D.N.Y. May 9, 2016) .................................................................................................................. 5

*Banegas v. Gen. Lawn Serv. Corp.*, No. 13 CV 3728, 2014 U.S. Dist. LEXIS 98009 (D. Md. July 17, 2014) ........................................................................................................................... 6

*Barnhill v. Stark Estate*, No. 15 CV 3360, 2015 U.S. Dist. LEXIS 125115, 2015 WL 5680145 (E.D.N.Y. Sept. 17, 2015) .................................................................................................... 4

*Bevier v. Blue Cross & Blue Shield*, 337 Fed. Appx. 357 (4th Cir. 2009) ........................................ 4

*Boswell v. Bonnaroo Rest. Grp. II, L.P.*, No. 15 CV 165, 2016 U.S. Dist. LEXIS 23971 (S.D. Ga. Feb. 26, 2016) ..................................................................................................................... 6

*Butten v. Zaki Serv. Station Inc.*, No. 15 CV 4362, 2016 U.S. Dist. LEXIS 99705 (E.D.N.Y. July 28, 2016), *adopted by* 2016 U.S. Dist. LEXIS 114038 (E.D.N.Y. Aug. 23, 2016) ............... 5

*Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d. Cir. 2015) ................................. 4, 6, 7

*Corado v. Nevetz Eleven Ice Cream Parlour*, No. 15 CV 5985, 2016 U.S. Dist. LEXIS 45992 (E.D.N.Y. Apr. 5, 2016) ..................................................................................................... 5

*Ducharme v. Rhode Island*, 30 F.3d 126 (1st Cir. 1994) ................................................................. 3

*Harris v. City of New York*, No. 03 CV 8767, 2004 U.S. Dist. LEXIS 12879, 2004 WL 1555194 (S.D.N.Y. July 7, 2004) ...................................................................................................... 4

*Lobillo v. United Hood Cleaning Corp.*, No. 15 CV 3581, 2015 U.S. Dist. LEXIS 180290 (E.D.N.Y. Dec. 17, 2015) ................................................................................................... 5

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) ................................. 6, 7

*Mackenzie v. Kindred Hosps. E.*, 276 F. Supp. 2d 1211 (M.D. Fla. 2003) ...................................... 7

*Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991) ........................................................................... 3

*Marek v. Chesny*, 473 U.S. 1 (1985) ............................................................................................ 5, 8

*Miranda v. Tong Shen Trading Inc.*, No. 15 CV 1506, slip op. (E.D.N.Y. July 1, 2016) ................ 6

*Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830 (9th Cir. 1997) ...................................................... 3

*Perkins v. U.S. W. Commc'ns*, 138 F.3d 336 (8th Cir. 1998) .......................................................... 4

*Pest v. Express Contr. Corp. of Great Neck*, No. 16 CV 3785, 2016 U.S. Dist. LEXIS 152492 (E.D.N.Y. Nov. 3, 2016) ..................................................................................................... 6

*Ramming v. Natural Gas Pipeline Co.*, 390 F.3d 366 (5th Cir. 2004) ............................................ 4

*Segarra v. United Hood Cleaning Corp.*, No. 15 CV 656, slip op. (S.D.N.Y. Jan. 6, 2016) ........... 6

*Webb v. James*, 147 F.3d 617 (7th Cir. 1998) ................................................................................. 3

**Other Authorities**

Fed. R. Civ. P. 68(a) ................................................................................................................ 3

### I.  LEGAL ISSUE

The plaintiff moves the Court to vacate the October 27, 2016, Order. On October 26, 2016, the plaintiff filed a notice of acceptance of an offer of judgment, *see* ECF no. 44, served on the plaintiff by the defendants. Because the plaintiff accepted an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, the Court must enter judgment.

"Rule 68 governs the circumstances in which a party defending against a claim for money damages or property may seek to resolve the claim by offering to allow judgment against that party for a specified amount of money or property." Steven Baicker-McKee et al., *Federal Civil Rules Handbook* 1279–80 (2017). After filing a notice of acceptance of an offer of judgment with the offer of judgment and proof of service, "[t]he clerk must then enter judgment." Fed. R. Civ. P. 68(a).

### II.  COURT MUST ENTER JUDGMENT BASED ON ACCEPTED OFFER OF JUDGMENT

Most courts hold that, if an offer of judgment is timely accepted and filed, the court has no authority to prevent entry of judgment on the offer. *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998) ("[The] language [of Rule 68] removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer."); *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991) ("[Rule] 68 [of the Federal Rules of Civil Procedure] … leaves no discretion in the district court to do anything but enter judgment once an offer has been accepted."); *Ducharme v. Rhode Island*, 30 F.3d 126 (1st Cir. 1994) (per curiam) ("Rule 68 [of the Federal Rules of Civil Procedure] requires the clerk of the district court to enter the parties' agreed-upon judgment in a ministerial fashion"); *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997) ("The offer,

… accepted, … is automatically entered by the clerk of court…."); *Ramming v. Natural Gas Pipeline Co.*, 390 F.3d 366, 370–71 (5th Cir. 2004) (per curiam); *Perkins v. U.S. W. Commc'ns*, 138 F.3d 336, 338 (8th Cir. 1998); *Bevier v. Blue Cross & Blue Shield*, 337 Fed. Appx. 357, 359 (4th Cir. 2009) (per curiam); *Barnhill v. Stark Estate*, No. 15 CV 3360, 2015 U.S. Dist. LEXIS 125115, at *3 (E.D.N.Y. Sept. 17, 2015) ("Rule 68 [of the Federal Rules of Civil Procedure], by its terms, requires entry of judgment."); *Harris v. City of New York*, No. 03 CV 8767, 2004 U.S. Dist. LEXIS 12879, at *2 (S.D.N.Y. July 7, 2004) ("[T]he entry of final judgment pursuant to Rule 68 [of the Federal Rules of Civil Procedure] … does not require the action of the judge.").

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, requires that parties settling claims arising under the Fair Labor Standards Act obtain court approval before stipulating to dismissing an action with prejudice. 796 F.3d 199, 206 (2d. Cir. 2015). The decision in *Cheeks* was motivated by policy concerns. *Baba v. Beverly Hills Cemetery Corp.*, No. 15 CV 5151, 2016 U.S. Dist. LEXIS 46574, at *5 (S.D.N.Y. Mar. 31, 2016). These concerns include the potential to circumvent and eviscerate the Fair Labor Standards Act through private settlement, and the remedial purpose of the Fair Labor Standards Act. *Cheeks*, 796 F.3d at 205–07.

But, *Cheeks* could not have legally justified its conclusion without a foundation in the Federal Rules of Civil Procedure for implementing them. The "applicable federal statute" exception of Rule 41(a) of the Federal Rules of Civil Procedure provides that means of implementation. It is through this unique exception that the Courts can refuse the plaintiff's right otherwise to voluntarily dismiss an action without a court order. This exception, rather than the policy considerations specific to Fair Labor Standards Act cases, is what granted the *Cheeks* Court the authority to subject the rule to the Fair Labor Standards Act. *See id.* at 206. Thus, the holding

4

in *Cheeks* "rests entirely on 'exceptional' language in Rule 41(a)." *Baba v. Beverly Hills Cemetery Corp.*, No. 15 CV 5151, 2016 U.S. Dist. LEXIS 63172, at *2 (S.D.N.Y. May 9, 2016).

Unlike Rule 41, Rule 68 of the Federal Rules of Civil Procedure contains no language authorizing courts to modify its operation in accordance with the policy objectives underlying any particular statute, or for any other reason. In *Marek v. Chesny*, the Supreme Court expressly endorsed the "plain meaning construction" of Rule 68, refusing to read an atextual, policy-based requirement into the rule. 473 U.S. 1, 10 (1985).

Most courts to consider the issue in this circuit have found the difference in the text of the rules to be dispositive, despite the similar policy considerations. *Butten v. Zaki Serv. Station Inc.*, No. 15 CV 4362, 2016 U.S. Dist. LEXIS 99705, at *3 (E.D.N.Y. July 28, 2016), *adopted by* 2016 U.S. Dist. LEXIS 114038 (E.D.N.Y. Aug. 23, 2016) ("Since *Cheeks*, district courts in the Second Circuit that have expressly taken a position on whether court approval is required when a matter has been resolved through acceptance of a Rule 68 offer, rather than Rule 41(a)(1)(A)(ii) settlement, have concluded that no court approval is necessary."); *see Baba*, 2016 U.S. Dist. LEXIS 63172, at *2 ("I can see no basis for reading any exception into the absolutely mandatory language of Rule 68, which compels the Clerk of Court to enter judgment on an accepted Offer of Judgment."); *Corado v. Nevetz Eleven Ice Cream Parlour*, No. 15 CV 5985, 2016 U.S. Dist. LEXIS 45992, at *4 (E.D.N.Y. Apr. 5, 2016) ("To apply *Cheeks* in the Rule 68 context, where there is no federal statutory exception, would be a bridge too far."); *Barnhill v. Fred Stark*, No. 15 CV 3360, 2015 U.S. Dist. LEXIS 125115, at *3 (E.D.N.Y. Sept. 24, 2015) ("To hold that Rule 68 is not available in [Fair Labor Standards Act] cases would be to rewrite it."); *see also Lobillo v. United Hood Cleaning Corp.*, No. 15 CV 3581, 2015 U.S. Dist. LEXIS 180290, at *1 (E.D.N.Y. Dec. 17, 2015) ("The present rule in the Eastern District of New York with respect to the need for court approval of such a

settlement was stated by Judge Cogan in *Barnhill*." (citation omitted)). *But see Segarra v. United Hood Cleaning Corp.*, No. 15 CV 656, slip op. 2 n.1 (S.D.N.Y. Jan. 6, 2016) ("It would defy logic to allow parties to avoid this added protection afforded to employees by precluding review of settlement terms in the context of a Rule 68 offer of judgment."). The courts to consider the issue most recently have found the same. *See, e.g., Arzeno v. Big B World, Inc.*, No. 15 CV 9724, slip op. (S.D.N.Y. Nov. 22, 2016); *Pest v. Express Contr. Corp. of Great Neck*, No. 16 CV 3785, 2016 U.S. Dist. LEXIS 152492, at *3 (E.D.N.Y. Nov. 3, 2016); *Aguilar v. Edge Landscaping, Inc.*, No. 16 CV 1380, slip op. (S.D.N.Y. Oct. 11, 2016); *Miranda v. Tong Shen Trading Inc.*, No. 15 CV 1506, slip op. (E.D.N.Y. July 1, 2016).

Further, the notion that *Cheeks* applies to offers of judgment pursuant to Rule 68 is contrary to the decision's intentionally limited scope. *Cheeks* declined to extend its reasoning to anything other than private settlements with stipulations of dismissal with prejudice under Rule 41(a)(1)(A)(ii), and specifically refused to extend its reasoning to stipulations of dismissal without prejudice until specifically confronted with the question. *See Cheeks*, 796 F.3d at 201 n.2.

No federal court of appeals has held that court approval is a prerequisite for judgment to be entered on accepted offers of judgment in Fair Labor Standards Act cases. *Segarra*, No. 15 CV 656, slip op. 2. However, the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), has been cited by some district courts to support the imposition of a judicial approval requirement on accepted offers of judgment in Fair Labor Standards Act cases, notwithstanding that such a requirement is in direct conflict with the text of Rule 68. *See, e.g., Boswell v. Bonnaroo Rest. Grp. II, L.P.*, No. 15 CV 165, 2016 U.S. Dist. LEXIS 23971, at *2–3 (S.D. Ga. Feb. 26, 2016); *Banegas v. Gen. Lawn Serv. Corp.*, No. 13 CV 3728, 2014 U.S. Dist. LEXIS 98009, at *3 (D. Md. July 17, 2014) ("[T]he [Fair Labor Standards Act] modifies

6

Rule 68(a) such that in claims filed under [the Fair Labor Standards Act], the court will enter judgment when presented with an offer *only after* the court is satisfied that the settlement is a reasonable compromise.").

In *Lynn's Food Stores*, the Eleventh Circuit found that "great inequalities in bargaining power between employers and employees" necessitated that provisions of the Fair Labor Standards Act not be "subject to negotiation or bargaining between employers and employees." 679 F.2d at 1352. *Lynn's Food Stores* held that a negotiated settlement of a Fair Labor Standards Act claim is valid only when reached under the supervision of the Department of Labor or through "a stipulated judgment entered by a court which has determined that [the settlement] … is a fair and reasonable resolution of a bona fide dispute over [Fair Labor Standards Act] provisions." *Id.* at 1355.

The courts that interpret *Lynn's Food Stores* to require judicial supervision of offers of judgment "get something out of *Lynn's Food Stores* that is not there." *Mackenzie v. Kindred Hosps. E.*, 276 F. Supp. 2d 1211, 1218–19 (M.D. Fla. 2003). "*Lynn's Food Stores* does not address whether an employee's rights under the [Fair Labor Standards Act] may be the subject of a Rule 68 offer of judgment. To the contrary, it does not even mention Rule 68." *Id.* at 1217.

Although the Fair Labor Standards Act is a "uniquely protective statute," *Cheeks*, 796 F.3d at 207, it must not be read in a way that is inconsistent with the language of Rule 68. The district courts that have read *Lynn's Food Stores* to create a Fair Labor Standards Act exception to Rule 68 are effectively rewriting the rule on the basis of policy considerations alone.

Under Rule 68, the Supreme Court observed,

> Some plaintiffs will receive compensation in settlement where, on trial, they might not have recovered, or would have recovered less than what was offered. And, even for those who would prevail at trial, settlement will provide them with compensation at an earlier date without the burdens, stress, and time of litigation. In short, settlements rather than litigation will serve the interest of plaintiffs as well as defendants.

*Marek*, 473 U.S. at 10. The purpose of Rule 68 is to make settlements not more egalitarian or just, but more frequent, and thereby make more efficient the overburdened court system. *See id.* at 10–11. Considering the proliferation of Fair Labor Standards Act cases, this concern may be particularly justifiable. *See Barnhill*, 2015 U.S. Dist. LEXIS 125115, at *5 ("[I]t is not possible to perform a cost/benefit analysis to determine whether apprehending what may be relatively few outlier unfair settlements warrants fairness hearings in each of the 8,126 [Fair Labor Standards Act] cases [filed in 2014]."). Requiring judicial supervision of offers of judgment in Fair Labor Standards Act cases flies in the face of the purpose of Rule 68, which is to settle cases without the involvement of a judge. Accordingly, Rule 68's provisions are absolute and mandatory. As in *Marek v. Chesny*, "[t]his construction of the Rule best furthers the objective of the Rule, which is to encourage settlements." 473 U.S. at 6.

### III.  CONCLUSION

For these reasons, the plaintiff prays the Court to vacate the October 27, 2016, Order, and that the clerk enter judgment based on the offer of judgment.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
John M. Gurrieri
jmgurrieri@zellerlegal.com
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Dated: New York, New York                    Facsimile: (212) 229-2246
       November 29, 2016                     **ATTORNEYS FOR PLAINTIFF**