UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
NEREO RODRIGUEZ-HERNANDEZ,                                    :
individually and on behalf of others similarly               :
situated,                                                     :
                                                              :
                                      Plaintiff,              :
                                                              :
                        -v-                                   :
                                                              :
K BREAD & COMPANY, INC. and                                   :
ALEXANDER KIM,                                                :
                                                              :
                                      Defendants.             :
                                                              :
------------------------------------------------------------- X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: January 10, 2017 |

15-cv-6848 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

      Following the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), the Court must scrutinize settlement agreements under the Fair Labor Standards Act ("FLSA"), including any award of attorney's fees, to ensure that they are fair. It is an open issue in this Circuit, however, whether court approval is required of an offer of judgment pursuant to Federal Rule of Civil Procedure Rule 68 in a FLSA wage-and-hour case. Before this issue becomes relevant, the Court must determine that financial resolution of a case constitutes an "offer of judgment" under Rule 68, as opposed to a settlement under Rule 41 (or something else entirely). Questions as to whether a financial resolution is one or the other rarely arise – but it arises here.

      This decision represents the culmination of a series of exchanges between the Court and plaintiff concerning a "Notice of Acceptance of an Offer of Judgment"

filed by plaintiff on October 26, 2016.  In order to ensure that the "offer of judgment" filed by plaintiff had not been represented as such – when it was indeed a settlement – in order to avoid judicial scrutiny, the Court ordered plaintiff to submit, not later than December 16, 2016, all relevant evidence concerning the accepted "offer of judgment," including, inter alia, emails, other written correspondence, and records of phone conversations between counsel related to this case.  (ECF No. 51.)  The Court had particular concerns given the specific procedural history of this case – the parties had previously informed the Court that they had reached a "settlement" in principal.

Having now carefully reviewed plaintiff's response to the Court's order, it is clear to the Court, for the reasons discussed below, that plaintiff's October 26 submission was not a proper offer of judgment under Rule 68, but rather was a settlement under Rule 41.  Accordingly, the parties are hereby ORDERED to submit their proposed settlement agreement to the Court for its approval not later than February 6, 2017.  The parties shall also on or before that date make submissions in support of their settlement, explaining why it should be approved based on the issues described in Cheeks.

Although the Court declines to impose sanctions in this case, the Court is troubled by the parties' attempt to label their settlement as an "offer of judgment" in order to avoid the Court's review of the settlement award as provided by Cheeks. The Court strongly cautions against similar efforts in the future.

I.      BACKGROUND

Plaintiff Nero Rodriquez-Hernandez commenced this action under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") on August 28, 2015.  (ECF No. 1.)  Defendants answered plaintiff's complaint on January 19, 2016.  (ECF No. 15.)  The Court subsequently referred this case to the magistrate for settlement purposes only.  (ECF No. 22.)  A settlement conference was scheduled before the magistrate for August 9, 2016.

On August 8, 2016, the parties requested that the settlement conference be adjourned because "the parties, negotiating on their own, ha[d] reached terms of settlement and [were] preparing to finalize the settlement."  (ECF No. 33.)  Having received the parties' notice of their settlement in principal, the Court adjourned all scheduled dates and deadlines and ordered that the parties submit any proposed settlement agreement (as well as supporting documentation) to the Court for its approval not later than September 8, 2016.  (ECF No. 35.)  The Court, citing Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), noted that because this action was brought under the FLSA, the settlement must be scrutinized by the Court to ensure that it is fair.  (Id.)

On September 22, 2016, the Court received a letter from plaintiff notifying the Court that the parties had been unable to finalize a settlement.[1]  (ECF No. 38.)  As a result, the Court restored this action to the trial calendar.  Trial was scheduled to commence on the date originally scheduled, October 31, 2016.

---

[1] The Court previously granted a request to extend – from September 8, 2016, until September 28, 2016 – the deadline for the parties to submit their proposed settlement agreement.  (ECF No. 37.)

Less than a week before trial, on October 26, 2016, plaintiff filed a "Notice of Acceptance of an Offer of Judgment." (ECF No. 44.) Plaintiff's submission stated that "plaintiff Nereo Rodriguez-Hernandez accepts the offer of judgment served on the plaintiff by the defendants K. Bread & Company Inc. d/b/a Bread & Company and Alexander Kim on October 26, 2016, allowing the plaintiff Nereo Rodriguez-Hernandez to take judgment against the defendants K. Bread & Company Inc. d/b/a Bread & Company and Alexander Kim, jointly and severally, for $25,000.00, inclusive of costs." (Id.) Plaintiff attached to his submission the purported "offer of judgment" under Federal Rule of Civil Procedure 68. (ECF No. 44-1.)

On October 27, 2016, the Court again adjourned all scheduled dates and deadlines and ordered that the parties submit any proposed agreement (as well as documentation supporting its fairness) to the Court for its approval, this time not later than November 28, 2016. (ECF No. 47.) Rather than submit the documentation ordered by the Court, on November 29, 2016, plaintiff filed a Motion to Vacate the Court's October 27, 2016 Order. (ECF No. 49.) Plaintiff argued that because it submitted an accepted offer of judgment pursuant to Rule 68, the Court must enter judgment and the Second Circuit's decision in Cheeks – requiring Court approval of FLSA settlement agreements under Rule 41 – was inapplicable. (See Memorandum of Law in Support of Motion to Vacate, ECF No. 50.)

The Court denied plaintiff's motion to vacate on December 1, 2016. (ECF No. 51.) The Court explained that it is an open issue in this Circuit whether court approval is required of a proper Rule 68 offer of judgment in a FLSA wage-and-hour

case.  (Id.)  The Court noted, however, that even this issue was not yet before the

Court.  (Id.)  The Court expressed concern that what plaintiff had submitted was

not a proper offer of judgment under Rule 68, but rather was a settlement under

Rule 41.  (Id.)  The answer to that preliminary question, the Court explained, was

important because if what had been presented was truly a settlement, then the

Court has an approval obligation.  (Id.)  In order to ensure that the "offer of

judgment" had not been represented as such – when it was indeed a settlement – in

order to avoid judicial scrutiny, or having the effect of avoiding judicial scrutiny, the

Court ordered plaintiff to submit, not later than December 16, 2016, all relevant

evidence concerning the accepted "offer of judgment."  (Id.)  The Court ordered

plaintiff to submit, inter alia, emails, other written correspondence, and records of

phone conversations between counsel related to this case.[2]  The Court received

plaintiff's response on December 16, 2016.  (ECF No. 55.)

II.    DISCUSSION

    A.    Legal Framework

      In Cheeks, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated

dismissals settling FLSA claims with prejudice require the approval of the district

court or the [Department of Labor] to take effect."  796 F.3d at 206.  In discussing

the text of Rule 41, the court noted that "[r]equiring judicial or [Department of

Labor] approval of such settlements is consider with what both the Supreme Court

and our Court have long recognized as FLSA's underlying purpose: 'to extend the

---

[2] Alternatively, the Court noted that plaintiff could choose to submit documentation supporting the
fairness of the accepted "offer of judgment" to the Court for consideration and approval, as the Court
originally ordered at ECF No. 47.

frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'" Id. (quoting A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945)).  The Second Circuit highlighted the potential for abuse in FLSA settlements, such as, inter alia, the inclusion of awards for improperly high attorney's fees.  Id.  The Cheeks court explained that "the FLSA is a uniquely protective statute," and as such, even when employees are represented by counsel, there is a need "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees" by requiring judicial approval of settlement agreements.  Id. at 207.

Unlike certain settlement agreements under Rule 41, in the normal case, once an offer of judgment under Rule 68 is timely accepted and filed, "[t]he clerk of court must then enter judgment."  Fed. R. Civ. P. 68(a).  In short, a Rule 68 offer of judgment ordinarily does not require court approval.

Following its decision in Cheeks, the Second Circuit has not addressed the interplay between proper Rule 68 offers of judgment and the requirement in this Circuit that FLSA settlements be approved by the court.  As noted by Judge McMahon, allowing parties to resolve FLSA cases via Rule 68 without court approval would "give[] clever defendant-employers an aperture the size of the Grand Canyon through which they can drive coercive settlements in Fair Labor Standards Act cases without obtaining court approval – as well as a vehicle for seriously compromising the plaintiff's lawyer-client relationship."  Baba v. Beverly Hills Cemetery Corp. Inc., 2016 WL 2903597, at *1 (S.D.N.Y. May 9, 2016).

Despite these concerns, most district courts in this Circuit have concluded that <u>Cheeks</u> does not apply to offers of judgment under Rule 68, and that such offers of judgment do not require court approval even in the FLSA context.  <u>See, e.g.</u>, <u>Baba</u> 2016 WL 2903597, at *1; <u>Khereed v. W. 12th St. Rest.</u>, No. 15-CV-1363 (JLC), 2016 WL 6885186, at *1 (S.D.N.Y. Nov. 22, 2016); <u>Pest v. Express Contracting Corp.</u>, No. 16–CV–3785 (DRH), 2016 WL 6518577, at *1 (E.D.N.Y. Nov. 3, 2016); <u>Barnhill v. Fred Stark Estate</u>, No. 15–CV–3360 (BMC), 2015 WL 5680145, at *1 (E.D.N.Y. Sept. 24, 2015); <u>but see</u> <u>Segarra v. United Hood Cleaning Corp.</u>, No. 15-CV-656, slip op. (S.D.N.Y. Jan. 6., 2016).

Of course, the Court must first ask the preliminary question of whether a filed "offer of judgment" is indeed a proper offer of judgment under Rule 68, as opposed to a settlement under Rule 41 (or something else entirely).  This task falls squarely within the Court's responsibilities.

B.    <u>Plaintiff's Purported "Offer of Judgment"</u>

After careful review and consideration, it is clear to the Court that plaintiff's purported "Offer of Judgment," submitted on December 16, 2016, is not a proper offer of judgment under Rule 68 – rather, it is properly characterized as a settlement under Rule 41.  Below, the Court describes some of the relevant evidence that, together with the procedural history of this case described above, supports the Court's conclusion:

- On July 13, 2016, counsel for defendants emailed counsel for plaintiff stating: "I just want to confirm that my client anticipates agreeing to either a Rule 68 or a withdrawal without prejudice so you can avoid the scrutiny the judges think the FLSA requires. . . . So we're at 25K,

7

with the format of the dismissal to be determined.  As discussed yesterday, my client will need some time to pay this, but I'm sure we can get that worked out." (ECF No. 55-9 at 1.)

- On July 14, 2016, counsel for defendants emailed counsel for plaintiff stating: "Do we want to put the judge on notice of a settlement?  If we turn around and dismiss without prejudice or file an[] accepted offer of judgment, is she going to inquire further?  It's your concern.  I have no issue with having the judge review the agreement, so let me know." (Id.)

- On August 2, 2016, counsel for defendants emailed counsel for plaintiff stating: "We should inform the court that the settlement conference is not necessary in light of the settlement.  We need to get an agreement finalized." Counsel for plaintiff responded: "Okay.  I'll prepare a letter." (ECF No. 55-13 at 1.)

- On August 8, 2016, the parties informed the Court that "the parties, negotiating on their own, ha[d] reached terms of settlement and [were] preparing to finalize the settlement."  (ECF No. 33.)  Having received the parties' notice of their settlement in principal, on August 9, the Court adjourned all scheduled dates and deadlines and ordered that the parties submit any proposed settlement agreement (as well as supporting documentation) to the Court for its approval not later than September 8, 2016.  (ECF No. 35.)

- On August 12, 2016, counsel for defendants emailed counsel for plaintiff stating: "Just following up on how you want to handle [the Court's August 9] order?"  On August 15, counsel for plaintiff responded: "Can you serve the Rule 68 on us?  We'll accept and file, that should obviate the order."  (ECF No. 55-19 at 1.)

- On August 15, counsel for defendants then replied: "Can we get a settlement agreement in place first?  Then we'll serve the rule 68." Counsel for plaintiff responded: "That sounds fine, I'll get you a draft today or tomorrow."  (ECF No. 55-21 at 1.)

- On August 15 counsel for plaintiff emailed counsel for defendants stating: "Have you gotten a chance to speak to your client re: the payout schedule."  Counsel for defendants replied: "I will follow up with them to get a response.  I know we need to stay on top of this." (ECF No. 55-23 at 1.)

- On August 29, counsel for defendants emailed counsel for plaintiff stating: "I spoke with my client.  They are looking for four years to pay out (small store, limited income, etc.).  It's a bit more than what I was expecting, but could you make a counter that I can take back to them." (ECF No. 55-24 at 1.)

- In September 2016, the parties continued to negotiate and exchanged what they described as "a draft settlement agreement." (See ECF Nos. 55-26, 55-27, 55-28, 55-29.)

- On September 21, 2016, counsel for defendants emailed counsel for plaintiff stating: "Do we want, to buy more time, ask for this to be referred to the magistrate on the issue of time for payment?  The only issue is that we then are before him finalizing the deal. . . . Or we could write the letter requesting court assistance, which . . . explains the failure to submit the approval papers, and then, assuming we reach an agreement, file the Offer of Judgment."  (ECF No. 55-37.)

- The parties continued negotiations, and on September 22, 2016, counsel for plaintiff emailed counsel for defendant stating: "I guess we're going to trial in 9 days then.  Shall I let the court know that we've been unable to reach a settlement?"  (ECF No. 55-42 at 1.)

- On September 22, 2016, the Court received a letter from plaintiff notifying the Court that the parties had been unable to finalize a settlement.  (ECF No. 38.)  The parties continued negotiating in October 2016.

- On October 7, 2016, counsel for plaintiff emailed counsel for defendants discussing terms.  The email bore the header: "For Settlement Purposes Only."  (ECF No. 55-51 at 1.)

- On October 19, 2015, counsel for defendants emailed counsel for plaintiff stating: "But any word on my settlement proposal from Friday . . . ."  (ECF No. 55-56.)

- On October 25, 2016, counsel for plaintiff emailed counsel for defendants stating: "We need to get the accepted offer of judgment signed and submitted to the Court before the trial date of 10/31 . . . ."  (ECF No. 55-60. at 1.)

- On October 26, 2016, plaintiff filed a "Notice of Acceptance of an Offer of Judgment" and attached to his submission the purported "Offer of Judgment."  (ECF No. 44.)

Based on, inter alia, the above cited evidence, it is clear to the Court that plaintiff's October 26 submission was not a proper offer of judgment under Rule 68, but rather was a settlement under Rule 41.

Rule 68 explains that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  The Rule further explains that "[i]f, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment."  An offer of judgment is thus self-explanatory – it is an offer made by a defendant on specified terms that is either accepted or rejected.

In contrast, a settlement ordinarily involves negotiation or mutual cooperation between parties.  There is scant case law examining the difference between an offer of judgment and a settlement, likely because the difference is well understood and seldom at issue.  Black's Law Dictionary defines a settlement as a "[a]n <u>agreement</u> ending a dispute or lawsuit."  <u>Black's Law Dictionary</u> (10th ed. 2014) (emphasis added).  The Sixth Circuit recently noted that other formal and informal dictionaries contain similar definitions.  <u>See</u> <u>Buchanan v. Northland Grp., Inc.</u>, 776 F.3d 393, 399 (6th Cir. 2015).  For example, one defines the verb "settle" as "to conclude (a lawsuit) by agreement between the parties usu[ally] out of court."  <u>Webster's Third New International Dictionary</u> 2079 (2002).

Here, the parties clearly reached a settlement.  Indeed, that is how they themselves described their agreement on the majority of occasions.  After engaging in extended discussions regarding how to resolve this case to the satisfaction of all parties – including the exchange of numerous proposals and counter-proposals – the

parties reached what they considered to be an acceptable arrangement.  There clearly was no proper offer of judgment under Rule 68.

The Court is troubled by the parties' attempt to label their settlement as an "offer of judgment" in order to avoid, or having the effect of avoiding, the Court's review of the settlement award as provided by <u>Cheeks</u>.  This is especially so given that the FLSA is a protective statute and carries specific risks of potential abuse, as previously described.  The Court assumes that counsels' actions in this case were taken without the serious consideration and legal clarity that the Court has now provided – therefore, the Court does not find counsels' actions to be sanctionable in this instance.  However, the Court again expresses concern regarding attempts by lawyers to label a FLSA settlement as something else, such as an "offer of judgment," in order to evade the Court's review of the settlement under <u>Cheeks</u> – should such efforts occur in the future before this Court, disciplinary action may follow, including attorney sanctions.

III.    CONCLUSION

In sum, as it is clear that the parties have reached a settlement in this action, they are hereby ORDERED to comply with the Court's previous order at ECF No. 47.  The parties shall submit their proposed settlement agreement to the Court for its approval not later than February 6, 2017.  The parties shall also on or before that date make submissions in support of their settlement, explaining why it should be approved based on the issues described in <u>Cheeks</u>.

SO ORDERED.

Dated:      New York, New York
            January 10, 2017

_____
KATHERINE B. FORREST
United States District Judge