LAW OFFICE OF

# JUSTIN A. ZELLER, P.C.

JUSTIN A. ZELLER
JAZELLER@ZELLERLEGAL.COM

BRANDON D. SHERR
BSHERR@ZELLERLEGAL.COM

JOHN M. GURRIERI
JMGURRIERI@ZELLERLEGAL.COM

TELEPHONE: 212.229.2249
FACSIMILE: 212.229.2246

February 2, 2017

**VIA ECF**

Hon. Katherine B. Forrest, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse

Re: *Rodriguez-Hernandez et al v. K. Bread & Company Inc. et al*, 15 CV 6848 (KBF)

Dear Judge Forrest:

    This firm represents the plaintiff in the above-referenced action. The plaintiff hereby moves, with the defendants' consent, to extend the time to file papers in accordance with the January 10, 2017, order from February 6, 2016, to thirty days after the disposition of the plaintiff's appeal of the December 1, 2016, order, staying this action while the appeal is pending. There has been no such prior motion.

    The plaintiff has filed an appeal of the December 1, 2016, order, and has asserted jurisdiction arising from the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

    As the Court observed in its January 10, 2017, decision, the issue of whether a Court can recharacterize an offer of judgment is of first impression in any federal court. Given this, that the issue may be unreviewable if the litigation continues, and that an appeal would be conclusive of the issue and, perhaps, the action, the plaintiff asks the Court to grant this motion.

    This issue is also important to the plaintiff. The Court's requiring the parties to resolve this matter by a stipulation of dismissal rather than an entry of judgment materially diminishes the worth of the settlement to the plaintiff. The plaintiff would have had been a judgment creditor of the defendants, subject to the terms of the forbearance agreement, having the priority afforded by a judgment entered promptly after acceptance of the defendants' offer of judgment, postjudgment interest accruing from the date of that entry of judgment, the automatic increase of judgment provided by Sections 198(4) and 663(4) of the New York Labor Law, and execution of the judgment. Instead, the plaintiff would be an unsecured creditor, without any of these provisions for postjudgment interest or increase, and with the prospect of further litigation to enforce the settlement. Stipulating to the dismissal of this action, if the settlement is approved by the Court, would forego the plaintiff's appeal while leaving the plaintiff in a materially worse position, causing the plaintiff irreparable harm.

    I thank the Court for its time and consideration.

**Ordered**

The request for a stay in this Court is DENIED. You must seek a stay in the Court of Appeals within three business days or comply with this order. If you fail to file a request for a stay on or before 2/8/17, you must comply with this Court's order by 2/9/17. If you file for a stay, then your time to comply is stayed only until your motion is resolved. You should understand that I deem this delay as unacceptable and your appeal as entirely frivolous, and procedurally improper.

KB. Forrest
USDJ

2/2/17

Respectfully submitted,

Brandon D. Sherr