UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

NEREO RODRIGUEZ-HERNANDEZ,
individually and in behalf of all other persons
similarly situated,

           Plaintiff,

--against--

K. BREAD & COMPANY INC. d/b/a BREAD
& COMPANY and ALEXANDER KIM,
jointly and severally,

           Defendants.

15 CV 6848 (KBF)

## AFFIRMATION IN RESPONSE TO ORDER TO SHOW CAUSE

Brandon D. Sherr, an attorney admitted to practice in this court, affirms that the following statements are true under the penalties of perjury:

1. I am associated with the Law Office of Justin A. Zeller, P.C., the attorneys for the plaintiff in this action and, as such, am familiar with the facts and circumstances of this action.

2. My colleagues and I are dismayed by the Court's May 8, 2017, order to show cause, because it is unthinkable to all of us that we should ever knowingly mislead the Court. It is and always has been our intention to forthrightly litigate the legal issue presented in the plaintiff's November 29, 2017, motion. On October 26, 2016, the plaintiff and defendants reached a settlement of this case consisting of a written settlement agreement executed by the parties.

3. Consistent with the written settlement agreement, the same day, October 26, 2016, the defendants served on the plaintiff and the plaintiff filed notice of acceptance of an offer of judgment.

1

4.  On October 27, 2016, the Court issued an order, ECF no. 47, observing that the parties had reached a settlement and requiring the parties to submit the settlement to the Court for approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

5.  On November 29, 2017, the plaintiff moved, unopposed, to vacate the October 27, 2016, order on the ground that *Cheeks* does not apply to offers of judgment, only to stipulations of dismissal. ECF no. 49.

6.  Rule 11(b)(1) and (2) of the Federal Rules of Civil Procedure require that a motion presented to the Court not be presented for any improper purpose, and that the legal contentions therein be warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

7.  As discussed in the plaintiff's memorandum of law in support of the motion, whether *Cheeks* applied to offers of judgment was regarded as an open issue. *See* Pl.'s Mem. Law Supp. Mot. Vacate 5–6, ECF no. 50. The plaintiff cited nine cases in the circuit holding *Cheeks* did not apply to offers of judgment, and found only one in the circuit holding the opposite. *Id.*

8.  The plaintiff's motion did not discuss the parties' written settlement agreement. The sole reason was the plaintiff's colorable belief that the settlement was irrelevant to the issue in the motion, whether *Cheeks* applied to offers of judgment. There was never any intention to mislead the Court about the existence of the written settlement agreement.

9.  Had the Court found that *Cheeks* did apply to offers of judgment, the parties would have complied with the Court's October 27, 2016, order and submitted the same papers the parties ultimately did on April 25, 2017, including the written settlement agreement.

10. Instead, the Court decided on December 1, 2016, that the Court need not yet reach the question of whether *Cheeks* applied to offers of judgment, because the Court must first decide whether the parties' accepted offer of judgment was an offer of judgment.

11. This result came as a surprise to the plaintiff, who had not briefed this issue. But the Court sought no further briefing from the parties. The Court required that the plaintiff submit all correspondence between the parties concerning the offer of judgment. The plaintiff did so.

12. Again, there was no intention to mislead the Court about the existence of the written settlement agreement. The plaintiff produced emails between the parties showing the unexecuted written settlement agreement as an attachment and discussing its execution by the parties. *See* ECF nos. 55–61, –62, –63.

13. On January 10, 2017, the Court decided that the parties' accepted offer of judgment was not an offer of judgment because it had been negotiated between the parties. As the Court observed in its decision, no other court had ever considered this issue and, accordingly, no court had ever reached such a conclusion. Accordingly, the Court found nothing sanctionable, observing instead that future efforts to proceed by offer of judgment in these circumstances would be viewed by the Court differently.

14. Although some courts have subsequently found *Cheeks* to apply to offers of judgment, *see Mei Xing Yu v. Hasaki Rest., Inc.*, No. 16 CV 6094, 2017 WL 1424323 (S.D.N.Y. Apr. 10, 2017); *Sanchez v. Burgers & Cupcakes LLC*, No. 16 CV 3862, 2017 U.S. Dist. LEXIS 38292 (S.D.N.Y. Mar. 16, 2017), no case has found an offer of judgment not to be an offer of judgment because it was negotiated between the parties. Indeed, in *Toar v. Sushi Nomado of Manhattan, Inc.*, the court disagreed with the holding in this case and found that Rule 68 did not prohibit advance negotiation of an offer of judgment and that requiring that offfers of judgment not be the product

of negotiation would undermine the spirit of Rule 68 to encourage settlement. *See* No. 13 CV 1901, 2017 U.S. Dist. LEXIS 55162 (S.D.N.Y. Mar. 16, 2017). That there remains an open question reinforces this Court's conclusion in this case that the parties lack of anticipation of this Court's decision did not meet the culpability required to impose sanctions.

15. On April 21, 2017, the Court ordered the parties to comply with the October 27, 2016, order, and the parties did so with their April 25, 2017, submission.

16. The plaintiff acknowledges that the outcome sought in filing notice of acceptance of an offer of judgment and in the plaintiff's November 29, 2017, motion would be the avoidance of the approval required by *Cheeks*, but entry of judgment provided the plaintiff distinct benefits unavailable in a stipulation of dismissal, *see* Letter Mot. 1, Feb. 2, 2017, ECF no. 57, and the position taken by the plaintiff in advocating this outcome was warranted by existing case law.

17. My colleagues and I hope the Court sees that the parties did not ever purposefully mislead the Court, and ask the Court not to impose sanctions.

/s/ Brandon Sherr

Brandon D. Sherr
Law Office of Justin A. Zeller, P.C.
277 Broadway, Suite 408
New York, N.Y. 10007-2036
bsherr@zellerlegal.com
Telephone: (212) 229-2249
Facsimile: (212) 229-2246

Dated: New York, New York
May 19, 2017

---

**Ordered**

Mr. Sherr: You should understand that this Court views the events of settling and then transforming that settlement into an "offer" of judgment, as misleading and poor judgment. I will not pursue this further but your firm has taken a credibility hit in my courtroom. KBF, ―――― USDJ   5/22/17