| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------ X<br>:<br>NEREO RODRIGUEZ-HERNANDEZ, :<br>individually and on behalf of others similarly :<br>situated, :<br>:<br>Plaintiff, :<br>:<br>-v- :<br>:<br>K BREAD & COMPANY, INC. and :<br>ALEXANDER KIM, :<br>:<br>Defendants. :<br>:<br>------------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: May 23, 2017<br><br>15-cv-6848 (KBF)<br><br><u>MEMORANDUM<br>DECISION & ORDER</u> |

KATHERINE B. FORREST, District Judge:

  The protracted procedural history in this case, brought under the Fair Labor Standards Act ("FLSA"), has been set forth by the Court in numerous previous decisions and orders. (<u>See, e.g.</u>, ECF Nos. 51, 56, 60, 63.) As detailed in those decisions and orders (and highlighted below), the parties settled their dispute in October 2016. At that time, however, they mischaracterized their settlement as an "offer of judgment" to the Court. At that time and thereafter, plaintiff maintained that the accepted "offer of judgment" was not subject to review by this Court. The Court suspected—and subsequent filings have confirmed—that these efforts were undertaken by plaintiff's counsel in order to receive an unreasonably high award of attorney's fees.

  At long last, the parties have submitted their settlement agreement to the Court for review and approval pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>,

796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). The proposed settlement is for a total of $25,000. (ECF No. 61.) Terms of the proposed settlement provide that plaintiff Nereo Rodriquez-Hernandez is to receive $14,284.10 and $10,715.90 is to be awarded for attorney's fees, costs, and expenses. (Id.) In other words, the proposed settlement allocates 43% of the total award to attorney's fees and costs.

The proposed settlement agreement makes clear what the Court has suspected throughout this litigation—that the settlement was likely mischaracterized because of a desire by plaintiff's counsel to receive an unreasonably high attorney's fee award and shield such award from review by this Court. The Court has previously condemned the behavior by plaintiff's counsel and does so again here. (See ECF No. 66.) The Court considered, but ultimately decided against, entering sanctions.

For the reasons discussed below, the Court APPROVES the proposed settlement agreement pursuant to the modifications set forth below. Importantly, the Court reduces the amount of attorney's fees awarded to plaintiff's counsel and awards that additional amount to plaintiff, as discussed below.

I. BACKGROUND

Plaintiff Nereo Rodriquez-Hernandez commenced this action under the Fair Labor Standards Act ("FLSA") and New York State labor laws on August 28, 2015. (ECF No. 1.) Defendants answered plaintiff's complaint on January 19, 2016. (ECF No. 15.) The Court subsequently referred this case to the magistrate for settlement

purposes only.  (ECF No. 22.)   A settlement conference was scheduled before the magistrate for August 9, 2016.

On August 8, 2016, the parties requested that the settlement conference be adjourned because "the parties, negotiating on their own, ha[d] reached terms of settlement and [were] preparing to finalize the settlement."  (ECF No. 33.)  Having received the parties' notice of their settlement in principal, the Court adjourned all scheduled dates and deadlines and ordered that the parties submit any proposed settlement agreement (as well as supporting documentation) to the Court for its approval not later than September 8, 2016.  (ECF No. 35.)  The Court, citing Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), noted that because this action was brought under the FLSA and New York State labor laws, the settlement must be scrutinized by the Court to ensure that it is fair.  (Id.)

On September 22, 2016, the Court received a letter from plaintiff notifying the Court that the parties had been unable to finalize a settlement.[1]  (ECF No. 38.)  As a result, the Court restored this action to the trial calendar.  Trial was scheduled to commence on the date originally scheduled, October 31, 2016.

Less than a week before trial, on October 26, 2016, plaintiff filed a "Notice of Acceptance of an Offer of Judgment."  (ECF No. 44.)  Plaintiff's submission stated that "plaintiff Nereo Rodriguez-Hernandez accepts the offer of judgment served on the plaintiff by the defendants K. Bread & Company Inc. d/b/a Bread & Company and Alexander Kim on October 26, 2016, allowing the plaintiff Nereo Rodriguez-

---

[1] The Court previously granted a request to extend—from September 8 until September 28—the deadline for the parties to submit their proposed settlement agreement.  (ECF No. 37.)

3

Hernandez to take judgment against the defendants K. Bread & Company Inc. d/b/a Bread & Company and Alexander Kim, jointly and severally, for $25,000.00, inclusive of costs." (Id.)  Plaintiff attached to his submission the purported "Offer of Judgment" under Federal Rule of Civil Procedure 68.  (ECF No. 44-1.)

On October 27, 2016, the Court again adjourned all scheduled dates and deadlines and ordered that the parties submit any proposed agreement (as well as documentation supporting its fairness) to the Court for its approval, this time not later than November 28, 2016.  (ECF No. 47.)  Rather than submit the documentation ordered by the Court, on November 29, 2016, plaintiff filed a Motion to Vacate the Court's October 27, 2016 Order.  (ECF No. 49.)  Plaintiff argued that because it submitted an accepted offer of judgment pursuant to Rule 68, the Court must enter judgment and the Second Circuit's decision in Cheeks—requiring Court approval of FLSA settlement agreements under Rule 41—is inapplicable.  (See Memorandum of Law in Support of Motion to Vacate, ECF No. 50.)

The Court denied plaintiff's motion to vacate on December 1, 2016.  (ECF No. 51.)  The Court explained that it is an open issue in this Circuit whether court approval is required of a proper Rule 68 offer of judgment in a FLSA wage-and-hour case.  (Id.)  The Court noted, however, that even this issue was not yet before the Court.  (Id.)  The Court expressed concern that what plaintiff had submitted was not a proper offer of judgment under Rule 68, but rather was a settlement under Rule 41.  (Id.)  The answer to that preliminary question, the Court explained, was important because if what had been presented was truly a settlement, then the

4

Court has an approval obligation. (Id.) In order to ensure that the "offer of judgment" had not been represented as such—when it was indeed a settlement—in order to avoid judicial scrutiny, or having the effect of avoiding judicial scrutiny, the Court ordered plaintiff to submit, not later than December 16, 2016, all relevant evidence concerning the accepted "offer of judgment." (Id.) The Court had particular concerns given the specific procedural history of this case—the parties had previously informed the Court that they had reached a "settlement" in principal. The Court ordered plaintiff to submit, inter alia, emails, other written correspondence, and records of phone conversations between counsel related to this case.[2] The Court received plaintiff's response on December 16, 2016. (ECF No. 55.)

After reviewing plaintiff's response to the Court's order, it was clear to the Court that plaintiff's October 26 submission was not a proper offer of judgment under Rule 68, but rather was a settlement under Rule 41. (ECF No. 56.) Accordingly, the Court ordered the parties to submit their proposed settlement agreement to the Court for its approval not later than February 6, 2017. (Id.)

On February 2, 2017, plaintiff moved this Court for a stay of this action pending their interlocutory appeal of the Court's December 1, 2016, Memorandum Decision & Order (ECF No. 51). (ECF No. 57.) This Court denied plaintiff's motion and noted that plaintiff, if it desired to do so, needed to file a request for a stay with the Second Circuit. Plaintiff then filed such a request with the Second Circuit.

---

[2] Alternatively, the Court noted that plaintiff could choose to submit documentation supporting the fairness of the accepted "offer of judgment" to the Court for consideration and approval, as the Court originally ordered at ECF No. 47.

5

This Court explained that it would stay this action until plaintiff's motion before the Second Circuit was resolved. (ECF No. 58.) This Court also noted that the parties' time to comply with the December 1, 2016, Memorandum Decision & Order would be stayed only until plaintiff's motion was resolved by the Second Circuit. (Id.) This Court noted that it deemed the delay as unacceptable and plaintiff's appeal as entirely frivolous and procedurally improper. (Id.)

On April 11, 2017, the Second Circuit dismissed plaintiff's interlocutory appeal of the Court's December 1, 2016, Memorandum Decision & Order for lack of jurisdiction, and denied plaintiff's motion for a stay as moot.

Thereafter, the Court ordered that the parties comply with its previous orders not later than Tuesday, April 25, 2017. (ECF No. 60.) On or before that date the parties were required to submit their proposed settlement agreement to the Court for its approval, as well as any submissions in support of the proposed settlement, explaining why it should be approved based on the issues described in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (Id.) The Court noted that it was the third time that it had ordered the parties to provide this information. (Id.)

The parties submitted a responsive joint-letter and copy of their settlement agreement to the Court for its review on April 25, 2017. (ECF No. 61.) The proposed settlement is for a total of $25,000. (ECF No. 61.) Terms of the proposed settlement provide that plaintiff Nereo Rodriquez-Hernandez is to receive

$14,284.10 and $10,715.90 is to be awarded for attorney's fees, costs, and expenses.[3] (Id.)

II.     DISCUSSION

    A.     Approval of the Settlement Agreement

The FLSA and its case law protects employees from being coerced into settling claims by requiring that a settlement either be supervised by the Secretary of Labor or be made pursuant to a judicially supervised settlement agreement. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). Before the Court enters judgment on a settlement agreement, "the parties must satisfy the Court that their agreement is 'fair and reasonable.'" Santos v. Yellowstone Properties, Inc., Case No. 15-cv-3986, 2016 WL 2757427, at *2 (S.D.N.Y. May 10, 2016) (quoting Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015)).

To evaluate whether a settlement meets this threshold, the Court looks to the totality of the circumstances, including:

> (1) the plaintiffs range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;" (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel," and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Medley v. Am. Cancer Soc., Case No. 10-cv-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) (other citations omitted)).

---

[3] $1,209.27 of this amount accounts for costs and expenses.  (ECF No. 61.)

Factors that weigh against settlement approval "include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA noncompliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" Id. (citation omitted).[4]

In this case, the Court finds that the proposed settlement, as modified by the Court below, is a fair and reasonable settlement.

Based on the allegations in the complaint, plaintiff initially calculated that had he prevailed at trial on all of his claims, plaintiff could have received approximately $54,207.72 in total damages (including liquidated damages). (ECF No. 61 at 2.) In other words, pursuant to the proposed settlement agreement, plaintiff would recover 26% of his potential damages.

This figure strikes the Court as somewhat low given the facts alleged in this case. However, there are various "bona fide disputes" between the parties, which include the hours that plaintiff worked and whether plaintiff is entitled to overtime or spread-of-hour payments. (Id.) The parties also dispute whether the evidence would support a claim for either unpaid tips or improper

---

[4] The Court notes that it is currently and open question in this Circuit "whether parties may make an end run around the judicial oversight required by Cheeks by settling FLSA claims pursuant to Rule 68 of the Federal Rules of Civil Procedure instead." Mei Xing Yu v. Hasaki Rest., Inc., No. 16-CV-6094, 2017 WL 1424323 (S.D.N.Y. Apr. 10, 2017); see id. (collecting cases).

8

deductions.  (Id.)  Thus, plaintiff faced litigation risks concerning his claims and potential recovery if he pursued his claims at trial.[5]

The procedural history in this case does give the Court some concern regarding whether the settlement here was the product of arms-length bargaining.[6]  On the one hand, it is clear that the parties attempted to fashion their agreement in order to avoid the Court's review.  And "there is a history of litigation for violations of the Fair Labor Standards Act by the defendants." (ECF No. 61 at 5.)  On the other hand, plaintiff did not accept defendants' first offer and the parties engaged in some discovery.  Furthermore, both plaintiff and defendants are represented by attorneys experienced in wage-and-hour litigation, and the settlement does allow both parties to avoid litigation risks, as well as the need for additional litigation expense.

Considering all of the facts and circumstances in this case, the Court finds the settlement agreement as modified to be fair and reasonable.  As discussed below, however, the Court finds the proposed award of attorney's fees provided for in the proposed settlement to be unreasonably high.  The Court accordingly deducts a certain amount from the proposed attorney's fees and orders that such amount be added to plaintiff's recovery, as discussed below.

---

[5] The Court also notes that through the modifications made by the Court in this decision, plaintiff is now receiving 30% of his total potential damages.

[6] Particularly, the Court points to the email correspondence highlighted in its Memorandum Decision & Order at ECF No. 56.

B.   Approval of Attorney's Fees

"Under the FLSA and the [NYLL], a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1)).  Attorney's fees are intended "to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." Sand v. Greenberg, Case No. 08-cv-7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) (explaining that "[b]ut for the separate provision of legal fees, many violations of the [FLSA] would continue unabated and uncorrected"); see also Braunstein v. Eastern Photgraphic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978) (explaining that the FLSA "should be given a liberal construction" because of its "broad remedial purpose"); Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) ("The fee provisions contained in the FLSA and the [NYLL] were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements.") (citing cases).

Attorney's fees in FLSA settlements are subject to the Court's approval, however.  See 29 U.S.C. § 216(b); Velasquez, 137 F. Supp. at 585.  Plaintiffs "bear[ ] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (quoting General Elec. Co. v. Compagnie

10

Euralair, S.A., Case No. 96-cv-0884, 1997 WL 397627, at *4 (S.D.N.Y. July 3, 1997)). Here, the proposed settlement agreement allocates $14,284.10 for attorney's fees and costs,[7] or forty-three percent of the total settlement amount of $25,000, to Zeller Legal, which represents plaintiffs in this matter.  (See ECF No. 61.)  This amount is unreasonable.

In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %.  See Guzman v. Joesons Auto Parts, Case No. 11-cv-4543(ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); see also, Meza v. 317 Amsterdam Corp., No. 14-cv-9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."); Silverstein v. AllianceBernstein LP, Case No. 09-cv-5904, 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481 (S.D.N.Y. Apr. 29, 2013).

In assessing the reasonableness of a proposed attorneys' fee award, the Court considers the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  Stancyzk v. City of New York, 752 F.3d 273, 284 (2d Cir. 2014) (internal citations, quotations, and alterations omitted).  "A reasonable hourly rate is 'the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'"  Costello v. Flatman, Case No. 11-cv-287, 2013 WL 1296739, at *4 (E.D.N.Y. Mar. 28, 2013) (discussing fees

---

[7] $1,209.27 of this amount represents costs.

11

with respect to the Americans with Disabilities Act) (quoting <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182, 190 (2d Cir. 2008) (other citation omitted)). The Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. <u>Arbor Hill</u>, 522 F.3d at 190-91.

"Lead attorneys in this district typically charge between $300 and $400 per hour for wage-and-hour cases." <u>Vasquez v. TGD Grp., Inc.</u>, Case No. 14-cv-7862, 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016); see <u>Agudelo v. E & D LLC</u>, Case No. 12-cv-960, 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (awarding lead counsel $350 per hour); <u>Carrasco v. West Village Ritz Corp.</u>, Case No. 11-cv-7843, 2012 WL 2814112, at *7 (S.D.N.Y. July 11, 2012) ("Courts in this [d]istrict have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450."); <u>Wong v. Hunda Glass Corp.</u>, Case No. 09-cv4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (stating that the reasonable hourly rate for "employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour") (citations omitted). For paralegals, "courts in this Circuit have generally found $75 to be reasonable." <u>Cuevas v. Ruby Enters. of N.Y., Inc.</u>, Case No. 10-cv-5257, 2013 WL 3057715, at *3 (E.D.N.Y. June 17, 2013).

Plaintiff's counsel seeks compensation at the high end of, if not above, these rates. Plaintiff's counsel has provided contemporaneous time records that document the work performed by members of Zeller Legal in connection with this matter. (ECF No. 61-2.) These time records indicate that a total of 76.2 hours were expended as followed:

- 56.1 hours by Brandon D. Sherr (who graduated law school in 2010) at a rate of $350/hour;
- 16.1 hours by John M. Gurrieri (who graduated law school in 2013) at a rate of $300/hour;
- 4 hours by Justin A. Zeller (the sole shareholder of Zeller Legal, who graduated law school in 2002) at a rate of $400/hour.

Id.

The Court finds that plaintiff's counsels' hourly rates are unacceptably high. In fact, as noted by plaintiff's counsel, "Mr. Sherr's reasonable hourly rate has been considered four times by this Court and Mr. Sherr was found to be entitled to rates of $300 in 2015 and 2016, and $200 and $250 per hour in 2013." (ECF No. 61 at 6.) Furthermore, "Mr. Gurrieri's reasonably hourly rate has been considered once by this Court and Mr. Gurrieri was found to be entitled to a rate of $250 per hour in 2013." (Id.) "Mr. Zeller's reasonable hourly rate has been considered three times by courts and he was found in the Eastern District of New York to be entitled to a rate of $350 in 2015 and $300 per hour in 2011." (Id.) The Court sees no reason why the work done by Mr. Sherr, Mr. Gurrieri, and Mr. Zeller in connection with this case

13

should be compensated at a higher rate than was previously approved. The Court therefore concludes that a reasonable hourly rate for Mr. Sherr is $300 per hour, a reasonable hourly rate for Mr. Gurrieri is $250 per hour, and a reasonable hourly rate for Mr. Zeller is $350 per hour.

Additionally, a review of the billing records provided reveals that counsels' number of hours billed is excessive. See Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1997) (explaining that in determining the proper number of hours, "the district court should exclude excessive, redundant[,] or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims"). For example, Mr. Sherr billed 31.5 hours to "Appellate Briefs" and related appellate tasks. (ECF No. 61-2.) The Court has already explained that it found plaintiff's appeal without merit. These hours were not spent on behalf of counsels' client (i.e. plaintiff) but rather appear to have been spent pursing counsels' own interests. The Court does not find that plaintiff should have to pay for this appellate foray by counsel and therefore deducts all appellate hours. Furthermore, various billing entries—such as "Manage data/files"—are vague and do not allow for meaningful review (there are 7 hours billed to "Manage data/files").[8] This case involves a relatively straightforward dispute arising under the FLSA and NYLL. Notably, this case did not appear to present any "novel questions of law." And although the case was styled as a collective action, plaintiffs never filed a motion for certification of a collective or

---

[8] There do not appear to be "data" or "files" that took "managing". At the very least, it is unclear why these are tasks that needed to be handled and billed by an attorney as opposed to a paralegal or administrative assistant.

class action, and notices regarding FLSA claims were not distributed to other employees.

Based on the Court's determination of the appropriate hours[9] and rates, as described above, counsels' lodestar amount it $12,625. The attorney's fees in this case would thus represent 50.5% of the total settlement amount. As noted above, this amount would be above the range that courts in this district typically find is reasonable.

Having considered all of the facts and circumstances in this case, as described above (most particularly, the lack of complexity and the vague/excessive billing entries by counsel), the Court finds that 30% of the total settlement is a reasonable and appropriate attorney's fee award. Therefore, the Court awards plaintiff's counsel $7,500 in attorney's fees plus an additional $704.27 for costs expended[10] (for a total of $8,204.27). The remaining amount—$16,795.73—shall be awarded to plaintiff.

III. CONCLUSION

For the reasons set forth above, the Court APPROVES of the proposed settlement, with the specific modifications explained herein. Plaintiffs' counsel is to receive $8,204.27 of the settlement amount.[11] The difference between the proposed

---

[9] As explained above, the Court deducts the 31.5 hours spent on appellate tasks and 7 hours from vague "Manage data/files" billing entries.

[10] The Court deducted the $505 in Second Circuit appeal costs expended by plaintiff's counsel for the same reasons that the Court deducted counsels' time billed to appeal tasks when calculating counsels' lodestar.

[11] As noted, this represents 30% of the total settlement amount plus $704.27 in costs.

15

award of attorney's fees and the reduced award shall be distributed to plaintiff.

Accordingly, plaintiff shall receive $16,795.73.

    The Clerk of Court is hereby directed to terminate this action.

    SO ORDERED.

Dated:    New York, New York
            May 23, 2017

                                                    KATHERINE B. FORREST
                                                    United States District Judge